```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

                         Plaintiffs,

vs.                                    Case No.  2:07-cv-387-FtM-29SPC

ARNOLD  &  PORTER,  LLP;  KENT  A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

                         Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

                         Plaintiffs,
                                       Case No.  2:07-cv-420-FtM-29DNF

ARNOLD & PORTER, LLP,

                         Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Voluntary Dismissal of Declaratory Relief Action (Doc. #64) filed on April 9, 2008. Defendants' Response (Doc. #73) was filed on April 22, 2008, Plaintiffs' Reply (Doc. #77) was filed on May 6, 2008, and Defendants' Sur-Reply (Doc. #85) was filed on May 20, 2008. Plaintiffs seek dismissal without prejudice of the declaratory judgment action in Case No. 2:07-cv-420-FTM-29DNF. Defendants do not oppose dismissal, but seek certain conditions on

the dismissal. Plaintiffs oppose imposition of the suggested conditions.

A summary of the background to the relevant lawsuits was set forth in the Court's Opinion and Order (Doc. #48, Case No. 2:07-cv-420) and will be adopted but not repeated here. On March 28, 2007, plaintiffs filed what they refer to as the Malpractice Action in state court, and this was removed to federal court by defendants on June 14, 2007. Plaintiffs filed the Complaint for Declaratory Relief in state court on June 22, 2007, and the matter was removed to federal court by defendants on June 29, 2007. The Complaint for Declaratory Relief seeks a judicial declaration under Florida law that: (1) plaintiffs are "clients" of Arnold & Porter in connection with the FDIC Dispute; (2) no privilege or reasonable basis exists for Arnold & Porter to refuse to provide plaintiffs with a copy of the entire file generated by Arnold & Porter during its legal representation of plaintiffs in the FDIC Dispute; and (3) that Arnold & Porter is obligated to provide plaintiffs with a copy of the entire contents of the FDIC Dispute file upon payment of reasonable expenses by plaintiffs associated with providing the copy. All three of these issues will necessarily be decided in the Malpractice Action. It is clear that dismissal of the declaratory judgment action makes sense and will not prejudice defendants. Therefore, the motion for voluntary dismissal will be granted.

The Court finds that conditions to the dismissal are appropriate in this case. The Court declines to adopt defendants'

request that it sever the attorney-client issue and keep the July, 2008 trial date. While that date was appropriate in the context of the declaratory judgment action, it is not necessarily appropriate in the context of the Malpractice Action. The attorney-client issue may be subject to summary judgment, or it may eventually require trial. The Court simply declines to bifurcate this issue, at least at this time.

The declaratory judgment action has progressed far enough so that the Court will condition dismissal on the payment of certain reasonable costs and attorney fees. This is the ordinary practice in such a situation, McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986), and the Court finds no reason that such reasonable costs and attorney fees should not be imposed. It was not necessary to file the declaratory judgment action in order to obtain a resolution of the issues, and doing so has apparently required defendants to incur costs and attorney fees for work which will not be useful in the Malpractice Action. The Court finds that the imposition of such costs is necessary to protect defendants from the unfairness of duplicative litigation. Therefore, the Court will condition dismissal upon payment of those costs set forth in 28 U.S.C. § 1920 and litigation-related reasonable attorney fees for work performed in the declaratory judgment action which was unnecessary for or not useful in the Malpractice Action. The procedure for determination of these amounts are set forth below. Because plaintiff may seek to withdraw their dismissal

after determination of the amount, e.g., <u>Ortega Trujillo v. Banco Central Del Ecuador</u>, 379 F.3d 1298, 1302-03 (11th Cir. 2004), dismissal will be stayed pending the resolution of the amount of costs and reasonable attorney fees to be imposed as a condition of dismissal.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Motion for Voluntary Dismissal of Declaratory Relief Action (Doc. #64) is **GRANTED** as set forth below.

2. The parties shall confer and file an agreed motion requesting reasonable costs and litigation-related attorney fees within **TWENTY (20) DAYS** of this Opinion and Order.

3. If the parties cannot reach an agreement as to the appropriate amount of costs and attorney fees, defendants shall file a motion seeking the costs and attorney fees within **THIRTY (30) DAYS** of this Opinion and Order along with supporting documents regarding the reasonable hours and reasonable hourly rate.

4. The dismissal of the Declaratory Action is **stayed** pending a resolution of the costs and attorney fees.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of May, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record