UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

    Plaintiffs,

vs.    Case No. 2:07-cv-387-FtM-29SPC

ARNOLD & PORTER, LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

    Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

    Plaintiffs,

    Case No. 2:07-cv-420-FtM-29DNF

ARNOLD & PORTER, LLP,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Second Amended Complaint (Doc. #65). Plaintiffs filed a Response (Doc. #80), defendants filed a Reply (Doc. #125), and plaintiffs filed a Sur-Reply (Doc. #142). The Court heard oral argument on October 17, 2008.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. On the other hand, conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts are insufficient to prevent dismissal. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted). Dismissal is also warranted under Fed.

R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

**II.**

Defendants argue that plaintiffs' core theory is that the Colliers were joint clients of Arnold & Porter, but that this theory, and all counts based on it, fail because (1) the pertinent contracts show unequivocally that the Colliers were never clients of Arnold & Porter, and (2) as a matter of law even as joint clients the Colliers would not have been entitled to disclosure of the confidential tax information from Arnold & Porter. (Doc. #65, pp. 3-4, 13-27.) Plaintiffs respond that the Second Amended Complaint alleges "that A&P represented IBC and the Colliers in a

-3-

single matter, the FDIC Dispute, and that in contravention of their obligations to the Colliers and in breach of their duties to the Colliers with respect to that single matter, A&P provided secret tax advice to IBC against the interest of the Colliers, which advice was contrary to the contractual obligations IBC owed to the Colliers." (Doc. #80, p. 9)(internal citations to Second Amended Complaint omitted.) Plaintiffs further argue that there are numerous factual assertions which support the various joint-client based causes of action as well as the alternative counts.

As summarized above, the Court must view the factual allegations and reasonable inferences in favor of plaintiffs. The Court finds that the facts alleged by plaintiffs set forth a plausible basis for claims based on the existence of an attorney-client relationship/fiduciary relationship. The documents referred to by defendants do not foreclose recovery as a matter of law, <u>Griffin Indus., Inc. v. Irvin</u>, 496 F.3d 1189, 1206 (11th Cir. 2007), and when coupled with the factual allegations are sufficient to withstand defendants' motion as to the joint-client based causes of action. The Court cannot find as a matter of law that plaintiffs would not have been entitled to the disclosure if joint clients. This issue is both fact intensive and more legally complex than asserted by defendants. The Court also finds that the Second Amended Complaint satisfies the pleading requirements as to the alleged specific shortcomings as to specific counts (Doc. #65, pp. 20-27).

**III.**

Defendants also seek to dismiss the causes of actions which are based on the alternate theory that Arnold & Porter was not plaintiffs' counsel. (Doc. #65, pp. 5, 27-34.) Pleading alternative theories is proper under the federal pleading rules. Fed. R. Civ. P. 8(a)(3). After review of the Second Amended Complaint in light of the arguments made by the parties, the Court concludes that the these claims are sufficiently pled to withstand the motion to dismiss.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss Second Amended Complaint (Doc. #65) is **DENIED.**

2. The Court will stay the required filing of an answer pending the Court's resolution of the Motion to Strike.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record