```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

              Plaintiffs,

vs.                             Case No.  2:07-cv-387-FtM-29SPC

ARNOLD & PORTER, LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

              Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

              Plaintiffs,
                               Case No.  2:07-cv-420-FtM-29DNF

ARNOLD & PORTER, LLP,

              Defendant.
_____

## OPINION AND ORDER

    This matter comes before the Court on Defendants' Objection to Magistrate Judge's Order Denying Motion to Strike Privileged and Confidential Material (Doc. #99).  Plaintiffs filed a Response (Doc. #128), and with the approval of the court defendants filed a Reply (Doc. #152).  The Court heard oral argument on October 17, 2008.

**I.**

Defendants' Motion to Strike Privileged and Confidential Material (Doc. #66) sought to strike approximately 169 paragraphs from the Second Amended Complaint on the basis that information set forth in those paragraphs was derived from privileged and confidential attorney-client communications between defendant Arnold & Porter LLP (Arnold & Porter) and its client, Local Financial Corporation (Local Financial) and its subsidiaries, predecessors and successors.  Defendants assert that plaintiffs' counsel induced a disgruntled former executive of Local Financial, Christy Carver, to disclose this privileged and confidential information in violation of her fiduciary and professional duties, and that counsel used the information to draft the Second Amended Complaint.  (Doc. #66, p. 2.)

In an Order (Doc. #92) the magistrate judge denied the motion to strike, finding that defendants had not satisfied the standard set forth in F$_{ED}$. R. C$_{IV}$. P. 12(f).  Further, the magistrate judge found that defendants failed to establish that information pertaining to tax benefits and tax advice contained in the Second Amended Complaint still remained protected and confidential under the attorney-client privilege, and that defendants failed to demonstrate their standing to bring an objection based on the assertion of the privilege.  (Doc. #92, p. 5.)

**II.**

Defendants assert that the Motion to Strike was a dispositive motion, and therefore the Court should treat the Order as a Report and Recommendation. The Court disagrees. The Motion to Strike was not itself dispositive of any claim, as it only sought to strike certain paragraphs of the Second Amended Complaint. A motion to strike is not among the type of motions set forth in 28 U.S.C. § 636(b)(1)(A), and therefore the magistrate judge properly resolved the motion by order. Accordingly, the Court reviews objections to such an order to determine if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2005); Fed. R. Civ. P. 72(a).

Defendants argue that the magistrate judge erred in relying on Fed. R. Civ. P. 12(f) because that Rule was not an expressed basis for their motion. The Court again disagrees. The only pertinent rule for striking matters from a pleading–the remedy sought in the motion–is Rule 12(f), which provides in pertinent part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The fact that defendants did not rely on the correct rule did not preclude the magistrate judge from doing so. Additionally, nothing in Local Rule 2.04 of the Local Rules of the United States District Court for the Middle District of Florida, upon which defendants did rely, gives the Court authority to strike pleadings or portions of pleadings. The magistrate judge was

correct to apply Rule 12(f) even though defendants did not rely upon it. While defendants relied upon the Court's inherent power, Rule 12(f) <u>is</u> a "codification of part of the district court's inherent power to manage pending litigation . . . ." <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1129 n.105 (11th Cir. 2001).

In essence, defendants ask the Court to skirt the general rules by which the sufficiency of a complaint is judged. Defendants seek to suppress information that they assert was obtained in violation of the attorney-client privilege.[1] The courts do not, however, typically go behind the face of a complaint to decide the admissibility of evidence supporting the allegations. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, 127 S. Ct. 2197 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). Additionally, the attorney-client privilege protects the communication of confidential information, not necessarily the underlying information itself. <u>In re Federal Grand Jury Proceedings 89-10</u>, 938 F.2d 1578, 1582 (11th Cir. 1991). Therefore, the factual substance of the paragraphs may be established from other, non-privileged sources.

---

[1] Defendants' prayer for relief in their Objections seeks not only to strike the offending allegations from the Second Amended Complaint but also requests an order precluding plaintiffs from using information obtained from the former executive. (Doc. #99, p. 25.)

More fundamentally, the magistrate judge found that under Florida law the attorney-client privilege belongs to the client and not the law firm. Fla. Stat. §90.502(3)(e) (2000). From this, the magistrate judge found that, "Thus, the attorney-client privilege in this case would have to be asserted by Local and not the Defendants.  Therefore, the privilege is unavailable to the Defendants. . . . The Defendants have further failed to demonstrate how they have standing to bring the privileged information objection and claim."  (Doc. #92, pp. 4-5.)  Some clarification is needed.

It is clear, as the magistrate judge correctly found, that the privilege belongs to the client, not the attorney.  Thus, the "attorney-client privilege belongs to the client, and is not intended to protect the attorney and is designed to protect confidential information only."  Ashcraft v. Harvey, 315 So. 2d 530, 531 (Fla. 4th DCA 1975).  Under some circumstances, however, an attorney has the obligation to assert the privilege on behalf of the client, prior to disclosing communications protected by the attorney-client privilege. In re Grand Jury Proceedings, 831 F.2d 222, 225 n.9 (11th Cir. 1987) ("An attorney is required to assert the attorney-client privilege when the client requests him to do so and there is a reasonable basis to conclude that the disclosure of information would breach the privilege.").  This is not the situation in this case.

Defendants' motion to strike does not seek to prevent disclosure of attorney-client communications, but rather seeks affirmative remedies for the benefit of the attorneys, based on past disclosure of such allegedly privileged communications. The law firm, however, does not possess the privilege, and is not inherently entitled to <u>any</u> remedy if the rights of a third party (its client or former client) have been violated. It other words, the law firm and its attorneys have no standing to seek a remedy for themselves for breach of the attorney-client privilege because the privilege does not belong to them. Even alleged constitutional violations need not be considered or remedied as to a person without standing. <u>Tribune Co. v. Huffstetler</u>, 489 So. 2d 722, 724 (Fla. 1986) ("[T]he courts of this nation have long held that one individual may not claim standing to vindicate the constitutional rights of another."). Thus, assuming the Motion to Strike is correct and that the attorney-client privilege belonging to Local was violated, defendants are not entitled to any remedy in this litigation because they have no standing as to that matter.

Finally, defendants also relied upon the Court's inherent power. A federal court has the inherent authority to impose sanctions on parties and lawyers, but to do so under an exercise of inherent power requires a finding of bad faith. <u>Gwynn v. Walker (In re Walker)</u>, 532 F.3d 1304, 1309 (11th Cir. 2008); <u>Amlong & Amlong, P.A. v. Denny's, Inc.</u>, 500 F.3d 1230, 1239 (11th Cir. 2006). A district court also has the inherent power to "manage the

conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). Defendants essentially assert that the misconduct of plaintiffs' counsel in inducing the violation of the attorney-client privilege should not be tolerated in this litigation regardless of literal standing issues.

The Court agrees that inducing a violation of the attorney-client privilege under the circumstances alleged in this case, if true, may indeed warrant the exercise of the Court's inherent power to remedy misconduct. The Court is satisfied that defendants have proffered sufficient grounds and facts to justify an evidentiary hearing concerning whether there was misconduct by plaintiffs' counsel during the course of this litigation, regarding Ms. Carver. The Court further finds that the record was not sufficiently developed, in the papers submitted to the magistrate judge, to determine that the attorney-client privilege existed as to the disclosures by Ms. Carver or was waived as to all relevant matters. Therefore, the Court will vacate the Order denying the Motion to Strike, and schedule an evidentiary hearing to determine the facts prior to determining what, if any, misconduct occurred and what, if any, remedy is appropriate in favor of defendants.

Accordingly, it is now

**ORDERED:**

1. Defendants' Objection to Magistrate Judge's Order Denying Motion to Strike Privileged and Confidential Material (Doc. #99) is **SUSTAINED in part and OVERRULED in part** as set forth above.

2. The Order (Doc. #92) is **VACATED**.

3. Defendants' Motion to Strike Privileged and Confidential Material (Doc. #66) is **taken under advisement** pending a hearing concerning the events involving Christy Carver, scheduled for **December 2, 2008, at 9.00 a.m.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of October, 2008.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record