```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

            Plaintiffs,

vs.                                Case No. 2:07-cv-387-FtM-29SPC

ARNOLD & PORTER LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

            Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

           Plaintiffs,
                                Case No. 2:07-cv-420-FtM-29DNF

ARNOLD & PORTER LLP,

            Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Attorney Fees in Connection with Plaintiffs' Declaratory Relief Action (Doc. #116) filed on July 3, 2008. Plaintiffs filed a Response (Doc. #141) in opposition. The Court heard oral arguments on October 17, 2008.

On May 27, 2008, the Court granted Plaintiffs' Motion for Voluntary Dismissal of Declaratory Judgment Action, but conditioned the dismissal "upon payment of those costs set forth in 28 U.S.C.

§ 1920 and litigation-related reasonable attorney fees for worked performed in the declaratory judgment action which was unnecessary for or not useful in" the related damages action.  (Doc. # 88, p. 3.)  The parties have been unable to agree upon the appropriate amount, and therefore defendants filed the motion for attorney fees.  While defendants do not seek costs, they seek attorney fees totaling $130,191.50. (Doc. #116, p. 3.)  Plaintiffs object to the hourly rates of the attorneys and object to certain of the hours; plaintiffs' expert opines that the reasonable attorney fees are $59,384.97, after taking into account the five percent reduction allowed by defendants' counsel to its client.  (Id. at p. 7.)

Both sides agree that the calculation of the reasonable attorney fee amount is arrived at by employing the "lodestar" method in which the number of hours reasonably expended on the litigation is multiplied by the reasonable hourly rate.  Defendants do not request any adjustment to this amount.  The Court also agrees that this is the appropriate measure.

The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The "relevant market" is the place where the case is filed.  The party seeking the attorney fees has the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  If the applicant desires to recover non-local rates of an attorney who is not from the place in which the case if filed, the

applicant must show a lack of attorneys practicing in that place who are willing and able to handle the claims. See <u>ACLU v. Barnes</u>, 168 F.3d 423, 436-38 (11th Cir. 1999); <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994); <u>Norman v. Housing Authority of Montgomery</u>, 836 F.2d 1292, 1299-1301 (11th Cir. 1988).

The Court rejects defendants' argument that a "national" rate should be applied because the activity in the prior cases was performed by lawyers in different venues with generally greater hourly rates. The activities that subjected counsel to the attorney fees in this case were all connected with the litigation filed in Southwest Florida, and there is no showing that local attorneys capable of handling the case were not available. Based upon the evidence submitted and the Court's own knowledge of the local rate structures, the Court finds that reasonable hourly rates for the work performed in this case are as follows: Richard Critchlow - $400; Christina Frohock - $250; and Elizabeth Honkonen - $275.

Plaintiffs also object to certain of the hours, and have attached Exhibit A to the Affidavit of Patrick E. Geraghty (Doc. #141-2) specifically identifying the reductions plaintiffs suggest to the hours claimed by defense counsel. After reviewing Exhibit A, the Court agrees with most but not all of the deductions. The Court attaches to this Opinion and Order a copy of Exhibit A on which the Court has annotated the reductions to which the Court disagrees.

In sum, the Court awards attorney fees for the attorneys at the hourly rates set forth below and for the number of hours set forth below:

| Attorney | Hourly Rate | Number of Hours | Totals |
|---|---|---|---|
| Richard Critchlow | $400.00 | 50.55 | $20,220.00 |
| Christina Frohock | $250.00 | 205.4 | $51,350.00 |
| Elizabeth Honkonen | $275.00 | 1.7 | $   467.50 |
| **TOTALS:** | | **257.65** | **$72,037.50** |

The Court declines plaintiffs' request to stay the payment of the fees. The fees are imposed for conduct during this litigation, and are not subject to offset by virtue of pre-litigation conduct, which plaintiff alleges as the basis for the present lawsuits.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion for Attorney Fees in Connection with Plaintiffs' Declaratory Relief Action (Doc. #116) is **GRANTED** in part and **DENIED** in part. The Court awards attorney fees in favor of defendants in the amount of **$72,037.50.**

2. Plaintiffs shall: (a) pay these attorney fees to defendants and file a certificate verifying payment on or before **November 21, 2008,** in which case the Order granting the voluntary dismissal of the declaratory judgment action will take effect; or (b) file a certificate on or before **November 21, 2008,** advising the Court that it declines to seek voluntary dismissal of the

declaratory judgment action in light of the condition imposed by the Court, in which case the motion for voluntary dismissal will be denied and that case will proceed.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2008.

                                               JOHN E. STEELE
                                             United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record