```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

      Plaintiffs,

vs.            Case No. 2:07-cv-387-FtM-29SPC

ARNOLD & PORTER LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

      Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

      Plaintiffs,
            Case No. 2:07-cv-420-FtM-29DNF

ARNOLD & PORTER LLP,

      Defendant.
_____

## OPINION AND ORDER

  This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents (Doc. #S-16) filed on December 17, 2009. Plaintiffs seek to compel production of certain documents which defendants have declined to produce as work product. Defendants' Memorandum in Opposition (Doc. #S-17) was filed on January 19, 2010, and Plaintiffs' Reply (Doc. #S-19) was filed on March 12, 2010.

**I.**

The attorney work product privilege generally protects documents prepared by an attorney in anticipation of litigation. Hickman v. Taylor, 329 U.S. 495, 509-10 (1947); Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1262 (11th Cir. 2008). The federal work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3). The rule states, in pertinent part:

> (A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

FED. R. CIV. P. 26(b)(3).

To overcome the work product privilege, a person must show both a substantial need for the information and that seeking the information through other means would cause undue hardship. Hickman, 329 U.S. at 512-13 (party must show that production of the material is not merely relevant, but also necessary). Even that

showing does not suffice when considering "opinion" work product that reflect an attorney's mental impressions, which are almost always protected from disclosure. Hickman, 329 U.S. at 510; Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000)(citing the crime-fraud exception as an extraordinary example of when the work-product privilege may be pierced).

**II.**

Plaintiffs assert that defendants must submit a document-by-document privilege log. Defendants respond that the documents at issue are so voluminous that creation of a document-by-document log would be unduly burdensome.

The Court agrees with defendants. The Advisory Committee Notes to Rule 26 explain that:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected.

FED. R. CIV. P. 26(b)(5) advisory committee's notes (1993).

Here, the documents at issue include defendants' internal communications over the course of a fourteen year period. The sheer number of documents likely produced during this period render a document-by-document log unduly burdensome and unnecessary. Accordingly, defendants' category-based log is sufficient.

**III.**

Plaintiffs next contend that defendants' client IBC/Local waived work product protection through various contractual agreements, including the Redemption Agreement (Doc. #40-1), Common Interest Agreement (Doc. #40-2), and Settlement Agreement (Doc. #40-3). Plaintiffs also contend that IBC/Local waived work product protection by asserting an "advice of counsel" defense in the related Oklahoma litigation (Case No. 5:07-cv-00608-M).

Upon review, the Court finds that defendants' have not waived the work product privilege in their purely internal communications. Further, IBC/Local's assertion of the "advice of counsel" defense could not possibly have caused a waiver of the work product doctrine, as the documents at issue were purely internal communications. Because IBC/Local never received the communications, it could not have relied on them as a basis for its "advice of counsel" defense.

**IV.**

The crime-fraud exception presents one of the rare and extraordinary circumstances in which work product is discoverable. The exception applies to work product in the same way that it applies to the attorney-client privilege. In re Int'l Sys. & Controls Corp. Sec. Litig., 693 F.2d 1235, 1242 (5th Cir. 1982); see also In re Antitrust Grand Jury, 805 F.2d 155, 164 (6th Cir. 1986).

To determine whether the crime-fraud exception applies, we employ the two-part test laid out in In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987). First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. Id.

Even if plaintiffs could make out a prima facie showing of the client's fraud under the first prong, they have not established how defendants' purely *internal* documents could have assisted or furthered that fraud. As a result, the Court finds that plaintiffs have failed to establish that the crime-fraud exception applies to the documents at issue.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Compel Production of Documents (Doc. #S-16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June, 2010.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record