UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

    Plaintiffs,

vs.            Case No. 2:07-cv-387-FtM-29SPC

ARNOLD & PORTER LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

    Defendants.
_____

MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

    Plaintiffs,
            Case No. 2:07-cv-420-FtM-29DNF

ARNOLD & PORTER LLP,

    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Stay (Doc. #325) filed on April 30, 2010. Plaintiffs' Response in Opposition (Doc. #333) was filed on June 4, 2010. With the Court's permission, defendants filed a Reply (Doc. #344) on June 30, 2010, and plaintiffs filed a Surreply (Doc. #349) on July 9, 2010. For the reasons set forth below, the motion is denied.

After a 17-day jury trial in the United States District Court for the Western District of Oklahoma (the Oklahoma Case), the

plaintiffs in this case (the Fort Myers Case) were awarded in excess of $17 million against International Bancshares Corporation (IBC). Judgment has been entered in that case, and post-trial motions are pending. Based upon these recent events, and in the interests of judicial economy and the resources of the parties, defendants assert that "this case should be stayed for one year or until the judgment in the IBC Case is satisfied and/or any appeal of the IBC Case is resolved, whichever occurs first" (Doc. #325, p. 4), with the possibility of an extension if the appeal is pending or the IBC judgment is not satisfied at the end of the one year period (Doc. #325, p. 19).

"The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned." CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982)(citations omitted.) Any stay must be reasonable in terms of both duration and content, which requires weighing competing interests and maintaining an even balance. Landis v. N. American Co., 299 U.S. 248, 254-55 (1936). The circumstances of this case convince the Court that a stay would not be appropriate, that undue prejudice would result to plaintiffs if the case was stayed, and that defendants will not suffer undue prejudice or inequity from the failure to stay the case.

Defendants are correct that the judgment in the Oklahoma Case includes categories of damages which plaintiffs also seek to recover from defendants in the Fort Myers Case. It is also clear, however, that plaintiffs seek damages in the Fort Myers Case for conduct which was not at issue in the Oklahoma Case. While the parties dispute the exact allocation of the overlapping damages, it is clear that damages sought in the Fort Myers Case which are not overlapping or duplicative are in the multi-millions of dollars. Nothing decided in the Oklahoma Case impacts these damage claims in the Fort Myers Case. The existence of substantial damage claims which were not at issue in the Oklahoma Case is an important factor which weighs against a stay.

Defendants are also correct that plaintiffs cannot collect the same damages twice. This does not, however, preclude plaintiffs from obtaining a judgment against both sets of defendants and pursuing collection efforts against both up to the total amount of the judgments. Defendants incorrectly extrapolate comments by plaintiffs' counsel in the Oklahoma Case concerning IBC's assets as meaning "[t]here is no concern regarding the collectability of a judgment against IBC." (Doc. #325, p. 3.) In any event, plaintiffs need not delay pursuit of judgment against a second defendant merely because they have obtained a judgment against the first. Neither the requirement that plaintiffs not collect the

same damages twice nor speculation about the collecibility of the first judgment weighs in favor of a stay.

The Oklahoma Case, whether before or after appeal, may well present collateral estoppel issues in the Fort Myers Case. The appeal of the Oklahoma Case will not change the presence of such legal issues, although it may change the outcome. Speculation as to the impact of various outcomes in the Tenth Circuit is just that, speculation. Whatever the outcome of the Oklahoma Case appeal, it will not significantly narrow or simplify the unique issues in the Fort Myers case.

The suggestion that the appeal will be resolved or the IBC judgment will be satisfied in one year seems unrealistically optimistic. The case was in the District Court in Oklahoma for three years, and is still there on post-trial motions. The appeal of a 17-day civil jury trial is not the usual case, and can reasonably be expected to be of a more extended duration than a more typical appeal. It is unlikely that the losing party would not petition the United States Supreme Court for *certiorari* where the stakes are so high. Collection efforts after final judgment may or may not be a simple matter, but history has shown that nothing in these cases appears to have been easy.

The Fort Myers Case has been pending for three years, and both the Court and the parties have expended considerable time and attention to the matter. A trial date is scheduled for November,

2010.  Nothing in the Oklahoma Case, including payment of the judgment, will make the Fort Myers Case go away.  In the final analysis, although the Court has an obvious interest in judicial economy and the parties have an interest in conserving resources, a stay will not significantly advance either interest.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Stay (Doc. #325) is **DENIED**.  Plaintiffs' request for costs and fees (Doc. #333, p. 16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record