UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCC MANAGEMENT OF NAPLES, INC.; BGC
II MANAGEMENT OF NAPLES, INC.; MILES
C. COLLIER; BARRON G. COLLIER, II,

    Plaintiffs,

vs.                      Case No. 2:07-cv-387-FtM-29SPC

ARNOLD & PORTER LLP; KENT A.
YALOWITZ; THOMAS R. DWYER; MELVIN C.
GARBOW,

    Defendants.
_____
MCC MANAGEMENT OF NAPLES, INC., BGC
II MANAGEMENT OF NAPLES, INC., MILES
C. COLLIER, BARRON G. COLLIER, II,

    Plaintiffs,
                      Case No. 2:07-cv-420-FtM-29DNF

ARNOLD & PORTER LLP,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Sanctions (Doc. #S-21) filed on June 7, 2010. Defendants filed a Memorandum in Opposition (Doc. #S-25). Plaintiffs seek sanctions against defendants for the late production of a deposition transcript of Mark Wood taken in November, 2002, as part of a prior civil case. Sanctions are sought pursuant to Fed. R. Civ. P. 37(c)(1) and the court's inherent power.

**I.**

Mark Wood gave a deposition in what the parties refer to as the FDIC Case on November 13, 2002. Most parties and counsel knew about this deposition when it was given. Certainly all parties and all counsel knew about this deposition from at least virtually the beginning of the instant action. This deposition contains testimony which is relevant and material to the allegations in the instant case. The Court need not decide whether it contains "critical" or "new" information, points the parties dispute. Plaintiffs allege that defendants purposefully and specifically concealed and withheld the transcript of this deposition from plaintiffs, contrary to the discovery obligations in this case.

On April 18, 2008, plaintiffs propounded a request for production to defendant Arnold & Porter (A&P) in the instant case which included all documents related to the FDIC Case. The November, 2002 Wood deposition transcript was not produced by A&P.

Mr. Wood was first deposed in the instant case on November 13, 2009. At that time defendants' counsel stated that "none of us seem to be able to locate" the 2002 Wood deposition transcript.

On November 19, 2009, defendants' counsel found that a court reporter had a copy of the 2002 Wood deposition transcript. The court reporter refused to provide it to defendants' counsel because it had been designated as "confidential" in the FDIC Case. The court reporter would, however, agree to send a copy of the transcript to one of the parties or attorneys who had participated

in that deposition. Kent Yalowitz, a defendant in the instant case, was an attorney who attended the 2002 Wood deposition. The court reporter agreed to send, and did send an electronic copy, of the 2002 Wood transcript to Mr. Yalowitz on November 19, 2009. This was the first time a defendant in the instant case had a copy of the 2002 Wood transcript in his actual possession.

Sometime after that date, and as early as possibly November 24, 2009, defendants' counsel gave a copy of the 2002 Wood transcript to A&P's tax expert, David Grant. Mr. Grant's deposition was scheduled for December 2, 2009, at which time the 2002 Wood deposition transcript would have been produced as a document reviewed by an expert. For various reasons Mr. Grant's deposition was rescheduled for March 30, 2010. The documents reviewed by Mr. Grant in forming his opinions, including the 2002 Wood deposition transcript, were sent to plaintiffs' counsel on March 24, 2010, pursuant to the agreement of counsel.

## II.

A federal district court has certain inherent powers, although such power must be exercised with restraint and discretion. Chambers v. NASCO, Inc., 501 U.S. 32, (1991). A court may impose sanctions pursuant to its inherent power, but only if the sanctions are preceded by a finding of bad faith. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). The bad faith standard narrows the range of conduct that can

justify imposition of sanctions pursuant to the court's inherent power. Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010). Additionally, Rule 37(b) provides that a court may impose sanctions "as are just" on a party for disobedience of a discovery order. Fed.R.Civ.P. 37(b)(2). A district court also has the authority to impose sanctions for failure to disclose required information, and that authority must be exercised pursuant to sound discretion. Fed. R. Civ. P. 37(c)(1).

Plaintiffs argue that defendant had "possession, custody, or control" of the 2002 Wood deposition transcript within the meaning of Fed. R. Civ. P. 34(a) while it was in the physical custody of the court reporter. "Under Fed.R.Civ.P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). This remains the well-accepted definition of "control." Gerling Int'l Ins. Co. v. Comm'r, 839 F.2d 131, 140 (3d Cir. 1988); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 160 (2d Cir. 2004). In the context of the imposition of sanctions, the court also looks to the party's good faith effort to obtain the documents over which he had "control." Searock, 736 F.2d at 654.

The undisputed facts establish that defendants had "control" over the 2002 Wood deposition transcript while it was in the

possession of the court reporter. While this is not necessarily an intuitive finding, the undisputed facts remain that the court reporter provided a copy of the transcript to defendant Yalowitz upon the request of his attorney. This establishes the necessary "legal right to obtain the documents requested upon demand." The Court need not resolve the dispute as to whether the transcript was subject to production pursuant to the April 18, 2008 request, or only once the expert considered it. Regardless, the evidence does not convince the Court that there was bad faith by defendants, or intentional concealment. Notwithstanding their "control," defendants did not know where the transcript was located until November 19, 2009. Additionally, whatever prejudice may have resulted from the delayed discovery and disclosure can be easily remedied in this case.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Motion for Sanctions (Doc. #S-21) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The request to re-depose Mark Wood is **MOOT** since another deposition has already taken place with the agreement of the parties. The request for costs and fees in connection with this re-deposition is **DENIED.**

2. Plaintiffs' expert witness(es) may review the 2002 Wood deposition transcript. If their testimony is going to be affected

by that transcript, the expert witness(es) shall provide an amended expert report within **thirty (30) days** of the date of this Opinion and Order, or at such other time as the parties agree. Within **ten (10) days** thereafter defendants may file a motion seeking to re-depose the expert(s) if defendants feel the changes are significant enough to warrant such relief. The request for costs and fees in connection with the review by the expert(s) is **DENIED.**

3. Defendants shall advise plaintiffs in writing within **thirty (30) days** of the date of this Opinion and Order whether the 2002 Wood deposition transcript affects the content of the prior testimony of defendants Thomas Dwyer and Kent Yalowitz, and if so, the specifics of any changes from prior testimony. Within **ten (10) days** thereafter plaintiffs may file a motion seeking to re-depose these two defendants if plaintiffs feel the changes are significant enough to warrant such relief.

4. The Court declines to prohibit any issue preclusion related to the REO claim and declines to preclude any testimony or evidence as a sanction.

5. The requests for other costs and fees (Doc. #S-21, pp. 14-15) are **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of July, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record